# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

July 17, 2007

NOTIFICATION OF MAILING

Re:      07-1280, In re: Skees v. -
         Dist/Ag docket:  05-cv-803-RPM

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL THIS DATE, ADDRESSED AS FOLLOWS:

Jeffrey Scott Detlefs
Kerr, Brosseau, Bartlett, O'Brien, LLC
1600 Broadway #1600
Denver, CO 80202

David A. Anderson
Anderson & Associates, P.C.
11550 N. Meridan Street
Suite 125
Carmel, IN 46032

Brian A. Murphy
P.O. Box 434
Arvada, CO 80004

Brian A. Murphy
1525 Josephine Street
Denver, CO 80206

Honorable Richard P. Matsch
Sr. District Judge
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294-3589

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2007

GREGORY C. LANGHAM
CLERK

Room A105
901 19th Street
Denver, CO 80294-3589

_____
DEPUTY CLERK

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

| | |
|---|---|
| In re: CAROL ANN SKEES; WILLIAM D. SKEES, <br><br> Petitioners. | No. 07-1280 <br> (D.C. No. 05-cv-803-RPM) |

ORDER
Filed July 17, 2007

Before **BRISCOE**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

By petition for writ of mandamus, petitioners seek an order of this court directing the district court to vacate its order for a bench trial set for July 20, 2007, in case No. 1:05-cv-803-RPM, currently pending in the United States District Court for the District of Colorado; to set a jury trial on all common factual issues; and to instruct the district court that it must accept the jury's determination of factual issues. Petitioners are defendants in a declaratory judgment action brought by Golden Rule Insurance Company (Golden Rule) seeking a declaration that Golden Rule acted properly in voiding an insurance certificate issued to petitioners and that it has no duty or obligation to pay any medical or hospital bills incurred by petitioner William D. Skees. Petitioners' answer stated counterclaims against Golden Rule for breach of contract and bad faith breach of insurance contract and demanded a jury trial.

The district court set a one-day trial to the court on Golden Rule's equitable recission claim for Friday, July 20, 2007. On July 10, 2007, the district court denied petitioners' motion to vacate the bench trial and set a jury trial. Petitioners filed this matter in this court the following day.

"[T]he right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959); *see also Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387-88 (10th Cir. 1990) (determining that denial of jury demand was properly reviewable by way of mandamus). To obtain mandamus relief, petitioners must show "a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. Petitioner[s] must also show that [their] right to the writ is clear and indisputable." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (citation omitted).

In *Beacon Theatres*, 359 U.S. at 510-11, the Supreme Court held that "only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." We have reviewed respondent's complaint, petitioners' answer with compulsory counterclaims, the amended final pretrial order, and the parties' submissions in this matter and find no imperative circumstance sufficient to preclude petitioners' right to bring their claims before a jury.

We therefore grant the petition for writ of mandamus to this extent: the district court is directed to vacate its prior orders setting a trial to the court for July 20, 2007; the court is further directed to try to a jury all genuine issues of material fact common to the parties' claims and counterclaims.

Judge Tymkovich would deny the petition.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: *[signature]*
Deputy Clerk